## William Gilbert v. Caroline Hanford.

*Suit on Judgment — by whom brought.* — A cannot maintain a suit in his own name on a judgment in favor of B, even though it be averred and proved that the judgment was rendered in A's favor, by the name of B by mistake.

*Non - appearance of defendant in Justice's Court.* — When the defendant is duly served with process in a Justice's Court, but does not appear, the plaintiff must prove his case in the same manner as if the defendant had appeared; the latter waives nothing by his non-appearance.

*Variance in name — how taken advantage of.* — When a written contract is sued upon, a variance in name may be taken advantage of under the general issue, and need not be pleaded in abatement.

*Heard October* 13. *Decided October* 27.

Error to Wayne Circuit.

This was an action of debt on a Justice's judgment. The plaintiff in error (defendant below,) demurred to the plaintiff's declaration, and the demurrer was overruled. The defendant (below) then pleaded the general issue, and the cause was tried by the Court without a jury, and judgment rendered for defendant in error, (plaintiff below.)

The pleadings and facts are sufficiently stated in the opinion of the Court.

GILBERT v. HANFORD.

*H. C. Knight* and *Charles Tryon* for plaintiff in error:

It is a well settled principle of law, that where a Court has jurisdiction, its proceedings cannot be impeached collaterally; nor when of record, can there be any proof in opposition to the record. *Clark v. Holmes*, 1 *Doug., Mich. R.*, opinion of Judge Goodwin, pages 398 and 400.

Where there is jurisdiction the proceedings cannot be impeached collaterally; nor, when of record, can there be any averment or proof in opposition to the record; and whether its decision be correct or otherwise, its decision, until reversed, is regarded as binding in every other Court. 1 *Wendell*, 79; *Riley v. Seymour*, 1 *Wendell*, 147; *Mather v. Hood*, 8 *John. R.*, 51; *Cunningham v. Bucklin*, 8 *Cowen*, 178.

It is a general rule that a party proceeded against must be notified in some legal manner of the proceedings, in order to give the Court jurisdiction of his person; and where the statute prescribes the mode of acquiring jurisdiction of the person, it must be complied with, or the subsequent proceedings are a nullity. 1 *Hill's R.*, 130; *Cowen's Treatise, fourth edition*, 252; 15 *John. R.*, 244.

Where the proceedings of a Court of inferior jurisdiction are void for want of jurisdiction, the consequence of the judgment being void, is as if there had been no action. 14 *John. R.*, 432.

If a justice gives judgment against one who is not in Court, and who had not been served with summons, he would acquire no jurisdiction of him, and the judgment would, for this cause, be void. 14 *John. R.*, 244; *Campau v. Fairbanks*, 1 *Manning's Mich. R.*, 151; 14 *John. R.*, 481; 13 *Wendell*, 85; 19 *John. R.*, 39; 3 *Wendell*, 202.

13 MICH. — D.

GILBERT v. HANFORD.

*Ward & Palmer*, for defendant in error:

The defendant in error declared in her true name on a judgment recovered by her in a wrong name, averring that she was the identical person who recovered the judgment. The plaintiff here pleads the general issue and objects that the judgment so recovered is void on account of the misnomer.

The objection is not tenable at all, and if it were it would not be under the issue.

Misnomer is a ground of abatement only, and if not pleaded is waived, and the judgment recovered is valid. 1 *Chitty, Pl.* 248 *and* 451.

The plaintiff below had only to prove the judgment declared on, and the averment of identity, to entitle her under the pleadings to recover. *Barry v. Carrothers,* 6 *Rich, S. C. Rep.,* 331; *LaFayette Insurance Company v. French,* 18 *Howard's U. S. Reports,* 404; *Hart v. Johnson,* 6 *Hammond's Ohio Reports,* 240; *Newcomb v. Peck,* 17 *Vermont,* 302.

CAMPBELL J.:

Caroline Hanford sued upon a judgment rendered by a Justice of the Peace in favor of William Faulkner, against William Gilbert, upon default of appearance. The files show an acceptance of service of a summons purporting to be by William Gilbert. The declaration avers that Mrs. Hanford's name was formerly Caroline Faulkner; that the judgment was rendered on a note executed to her by the name of Mrs. Faulkner, and never transferred to any one, and that the judgment was rendered in her favor by the name of William Faulkner by mistake, instead of in her true name. This declaration was demurred to on the ground that a judgment in the name of William Faulkner as alleged was not a judgment in favor of Caroline Faulkner. The demurrer being overruled and issue joined, Mrs. Hanford testified

GILBERT *v.* HANFORD.

to the facts stated in her declaration, and similar objec-. tions being made on the proof, they were overruled.

There seems to be confusion in the books upon the effect of the misnomer of a plaintiff, and when, if ever, it must be pleaded in abatement. But we think where a defendant is sued before a Justice of the Peace in the name of any person he has a right to suppose that no ·claim can be made out against him, if he does not appear, except such as that person will be able to substantiate. A defendant who does not appear in a Justice's Court waives nothing, as the plaintiff is in all cases bound to prove his cause of action as upon appearance. But it is well settled that where a written contract is sued upon, a variance in name can be taken advantage ·of under the general issue, and the misnomer need not be pleaded in abatement. 4 *T. R.*, 611. It is not alleged in either cause that the note was given to William Faulkner by the name of Mrs. Faulkner, nor that she was ever known by the name of William. The declaration showed no cause of action in William Faulkner whatever, and Caroline Faulkner's name was not used and did not appear. We do not think Gilbert was bound to appear and assume that he was called on to respond to her in such an action; and as she did not ·see to it that the suit was in her name, she cannot sue upon the judgment. It is difficult to perceive how the pendency of the suit, or the judgment in favor of William Faulkner, could have been pleaded in abatement or bar of an action in Caroline Faulkner's name upon the note. The judgment, if valid, in favor of the plaintiff named, is not valid as a cause of action in favor of any one else, and whether he is a real or fictitious personage, the present plaintiff is a real and a different one.

We think the declaration fatally defective, and the

judgment below must be ' reversed with costs of both Courts.

The other Justices concurred.